1

2

3

4

5

6

7        IN THE UNITED STATES DISTRICT COURT

8      FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10    DEMETRIUS SCOBELLITTI,                )
                                            )
11            Plaintiff(s),                 )        No. C 09-2785 CRB (PR)
                                            )
12        v.                                )        ORDER
                                            )
13    DR. GOLDSON, et al.,                  )
                                            )
14            Defendant(s).                 )
      _____       )

15

16            In order to expedite the resolution of this case, the court orders as follows:

17            a.      By no later than September 1, 2010, defendants shall file a

18    motion for summary judgment or other dispositive motion.  A motion for

19    summary judgment shall be supported by adequate factual documentation and

20    shall conform in all respects to Federal Rule of Civil Procedure 56, and shall

21    include as exhibits all records and incident reports stemming from the events at

22    issue.  If defendants are of the opinion that this case cannot be resolved by

23    summary judgment or other dispositive motion, they shall so inform the court

24    prior to the date their motion is due.  All papers filed with the court shall be

25    served promptly on plaintiff.

26            b.      Plaintiff's opposition to the dispositive motion shall be filed

27    with the court and served upon defendants no later than 30 days after defendants

28    serve plaintiff with the motion.

c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

d.     Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

/

2

1                  e.      The motion shall be deemed submitted as of the date the

2 reply brief is due.  No hearing will be held on the motion unless the court so

3 orders at a later date.

4          Discovery may be taken in accordance with the Federal Rules of Civil

5 Procedure.  No further court order is required before the parties may conduct

6 discovery.

7 SO ORDERED.

8 DATED:  July 8, 2010                            
                              CHARLES R. BREYER

9                               United States District Judge